IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALFRED TAKYI,<br><br>    Defendant. | Criminal Action No.<br>1:23-CR-0402-VMC-JEM |

**ORDER**

This matter is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R," Doc. 29), recommending that Defendant Alfred Takyi's Motion to Suppress Evidence from the Apple Search Warrant (Doc. 20) be denied. Defendant Takyi filed Objections to the R&R (Doc. 31), and the Government filed its Response to those Objections (Doc. 32). After due consideration, the Court enters the following Order.

**I.    Legal Standard**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Crim. P. 59(b)(3). A party that objects to the Magistrate Judge's R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be

considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Since Mr. Takyi filed objections, the Court reviews the challenged recommendations on a *de novo* basis.

## II.   Discussion

Mr. Takyi makes four objections to the Magistrate Judge's conclusion: (1) that the Apple warrant affidavit failed to establish a sufficient nexus between the Apple accounts and alleged criminal conduct; (2) that the search warrant was stale, even though it was for digital evidence; (3) that the warrant did not satisfy the Fourth Amendment's particularity requirement; and (4) that the good-faith exception does not apply. The Court will consider each of Mr. Takyi's objections in turn.

### A.   Nexus Between Accounts and Alleged Criminal Conduct

First, Mr. Takyi objects to the Magistrate Judge's finding that there was a sufficient nexus between the Apple accounts and alleged criminal conduct. Mr. Takyi argues that the warrant affidavit is devoid of any facts showing that (1) he ever personally communicated with a victim or co-conspirator; or (2) that any phone, email, or text account of Takyi's communicated with a victim or co-conspirator. (Doc. 31 at 6).[1] According to Mr. Takyi, the fact that the warrant

---

[1] Citations to page numbers refer to the pages in the relevant document as numbered by the CM/ECF system.

affidavit contained allegations of suspicious financial transactions involving bank accounts associated with him is insufficient to connect his Apple accounts with the alleged criminal conduct. (*Id.* at 7–9). Mr. Takyi also argues that the Magistrate Judge's reasoning that he must have communicated with either a victim or a co-conspirator to facilitate the transfer into accounts associated with him is unreasonable and unsupported. (*Id.* at 8–13). Accordingly, Mr. Takyi concludes that the warrant lacked probable cause to search the accounts, and he objects to the Magistrate Judge's conclusions to the contrary. (*Id.* at 14).

The Court is not persuaded by Mr. Takyi's arguments. The Court has reviewed the affidavit in support of the application for the search warrant and agrees with the Magistrate Judge's conclusion. Considering the totality of the circumstances, the information put forward in the affidavit established probable cause and sufficiently proved the nexus between the Apple accounts and the alleged criminal conduct.

As the Magistrate Judge highlighted in the R&R, the affidavit highlights the various connections between Mr. Takyi and the alleged scheme, including money being sent to accounts he controlled. (Doc. 29 at 22–23; Doc. 20-1 at 10–15). The affidavit stated that the victims disclosed that the perpetrators of the alleged scheme communicated with them electronically. (Doc. 20-1 at 17). Special Agent Shawn Mincks also stated that he has participated in several similar romance

3

scheme investigations and knows that perpetrators of these schemes often use apps installed on their phones. (*Id.* at 2 and 17); *see also United States v. Delgado*, 981 F.3d 889, 898 (11th Cir. 2020) (noting that the deputy's experience that those who receive shipments of narcotics often store records on their computers provided probable cause for warrant that permitted the search of computers found at a residence).

Additionally, the Court notes two other relevant facts supporting a finding of probable cause. First, the affidavit noted that, "According to bank records, Takyi and Conspirator 5 each used the email address goodnana@live.com," which matches one of the Apple accounts that was searched. (Doc. 20-1 at 16). Given that funds were deposited into bank accounts controlled by Mr. Takyi, there is a fair probability that a search of an Apple account with that same email address would yield evidence of the alleged crimes. Second, the Court considered the relationship between Mr. Takyi and Oduro. According to the affidavit, Mr. Takyi and Oduro received funds from victims and would then transfer money to each other. (*Id.* at 12–13). And in a May 2017 interview, Oduro said that he and Mr. Takyi were former business partners. (*Id.* at 16). Although the affidavit does not explain how Mr. Takyi and Oduro communicated, the Court can use its common sense to conclude that business partners would exchange electronic communications that would be discovered through a search of Mr. Takyi's Apple accounts. *See United*

4

*States v. Khanani*, 502 F.3d 1281, 1290 (11th Cir. 2020) (giving the affidavit a "common sense and realistic" interpretation to find probable cause for the search of computers even though the affidavit did not provide specific facts that the computers were used to facilitate the commission of the offense).

For these reasons, as well as others outlined by the Magistrate Judge, the search warrant affidavit established sufficient probable cause that evidence of the alleged schemes would be found on Mr. Takyi's phone and in his Apple accounts.[2] *See United States v. McCall*, 84 F.4th 1317, 1325 (11th Cir. 2023) ("Given the established link between the cell phone and the crime, the affidavit also ties the cell phone's associated iCloud account to the crime."). Mr. Takyi's objection is overruled.

B.   **Staleness of the Warrant Affidavit**

Next, Mr. Takyi objects to the Magistrate Judge's conclusion that the search warrant affidavit is not stale. (Doc. 31 at 14–20). Staleness is a case-by-case determination, and courts may consider several factors, including "the maturity of the information, nature of the suspected crime (discrete crimes or ongoing

---

[2] The Court notes that the affidavit could have provided more information about how the other two Apple accounts (mccoybillions@yahoo.com and mccoybillions@icloud.com) were identified or used by Mr. Takyi. But based on Eleventh Circuit precedent, it does not appear that such specificity is required. Furthermore, even if that level of specificity was required, the Court would find that the good-faith exception applied.

5

conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994). As the R&R explains, when applied to this case, these factors compel the conclusion that the affidavit is not stale. (*See* Doc. 29 at 26–27). Having considered Mr. Takyi's objection, the Court finds that it must be overruled.

### C.     Particularity Requirement

Similarly, Mr. Takyi's objection that the warrant fails the Fourth Amendment's particularity requirement, (*see* Doc. 31 at 20–27), must be overruled. The Court finds no issue with the well-established two-step procedure for the collection of electronically stored information. (*See* Doc. 29 at 29–30) (explaining the two-step procedure and the case law approving it). And like the Magistrate Judge, the Court finds that the warrant was sufficiently limited. Attachment B of the warrant shows that the information to be seized by the government was limited by both subject matter and timeframe. (*See* Doc. 20-1 at 32–34). This was enough to sufficiently particularize the warrant.

### D.     Good-Faith Exception

Finally, even if the warrant was defective in one of the ways alleged by Mr. Takyi, the good-faith exception applies here. Under the good-faith exception to the exclusionary rule, "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant" should normally not be excluded.

*United States v. Leon*, 468 U.S. 897, 922 (1984). However, the good-faith exception is inapplicable under certain circumstances, including cases where a warrant is so facially deficient that the executing officers could not have reasonably presumed it to be valid. *Id.* at 923.

Although Takyi argues that this would be a case where the exception does not apply, (*see* Doc. 31 at 27–28), the Court disagrees. An officer's reliance on this search warrant and accompanying affidavit would be reasonable. Thus, even if the warrant was invalid, the evidence obtained pursuant to its execution would not be excluded.

### III. Conclusion

For the foregoing reasons, the Court **OVERRULES** Mr. Takyi's objections (Doc. 31) and **ADOPTS** the R&R (Doc. 29) in its entirety as the Order of this Court. Mr. Takyi's Motion to Suppress (Doc. 20) is **DENIED**.

**SO ORDERED** this 4th day of October, 2024.

_____
Victoria Marie Calvert
United States District Judge